|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

ANTONIO E. AMADOR,

    Plaintiff,

    v.

SEARS ROEBUCK DE PUERTO RICO, INC., et al.,

    Defendants.

Civil No. 08-1581 (JAF)

**O R D E R**

Plaintiff Antonio E. Amador commenced this action on May 23, 2008, against Defendants Sears Roebuck de Puerto Rico, Inc. ("Sears de P.R."), Sears Holding Corporation ("Sears"), Nine Twenty One (921) Corp. ("Nine Twenty One"), and nine unknown companies and individuals. Docket No. 1. Plaintiff accuses Defendants of copyright infringement under 17 U.S.C. § 501; unfair competition due to trademark infringement under 15 U.S.C. § 1125(a); and violation of Puerto Rico intellectual property law, 31 L.P.R.A. § 1401f (1993). Docket No. 34. On March 19, 2009, Sears de P.R., Sears, and Nine Twenty One ("Movants") moved for dismissal per Federal Rule of Civil Procedure 12(b)(1), Docket No. 52; Plaintiff opposed on March 23, 2009, Docket No. 55.

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003). Under Rule 12(b)(1), a movant may controvert the plaintiff's jurisdictional allegations when they are distinct

Civil No. 08-1581 (JAF)                                              -2-

from the case's merits. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The court then addresses "the jurisdictional claim by resolving the [predicate] factual disputes." Id.

Movants argue that Plaintiff's amended complaint fails the jurisdictional hurdle because it does not sufficiently identify the images allegedly subject to federal copyright protection. Docket No. 52. Under 17 U.S.C. § 411(a), copyright registration is a necessary jurisdictional predicate to a claim for infringement. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 156 (1st Cir. 2007).

In response, Plaintiff points to the reproduced copyright certificate annexed to his amended complaint and his sworn statement attesting to the incorporation of the allegedly protected image in his copyright registration. Docket No. 55. In view of these submissions, Plaintiff's assertion of subject-matter jurisdiction for his federal copyright claim passes muster. See Docket Nos. 34, 55. As Movants do not raise additional challenges to Plaintiff's claims, this case must proceed.

For the reasons stated above, we hereby **DENY** Movants' motion for dismissal, Docket No. 52.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of April, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge